ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
|]The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Subia Ekram, now known as Subia Ekram Weber, to sit for the Louisiana Bar Examination based on character and fitness concerns relating to (1) responses from her previous law firm employers indicating they would not rehire her or that they would not render any opinion concerning her character and fitness to practice law; (2) numerous traffic citations; and (3) her extensive involvement in civil litigation. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon her successful completion of the exam, she apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Ekram, 10-1210 (La.6/25/10), 38 So.3d 362.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon her application, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. Following the proceedings, the commissioner filed his report with this court, recommending petitioner be conditionally admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet her burden of proving that she has |2“good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E). Among other issues revealed in the record before us, we find petitioner has engaged in a pattern of dishonest and untrustworthy behavior. This conduct is not mitigated by petitioner’s diagnosis of and treatment for a medical condition. Based upon these findings, we conclude she does not possess the requisite good moral character to practice law in Louisiana.
Accordingly, it is ordered that the application for admission be and hereby is denied.
ADMISSION DENIED.
WEIMER, Justice, dissents and assigns reasons.
HUGHES, Justice, dissents for the reasons given by WEIMER, J.